Chief Justice Robertson
delivered the Opinion of, the Court-
In this case, the court below decreed damages, on an unanswered bill, alleging that a stranger held a title adverse and superior to that of the defendant, to a small part of a tract of land, which the defendant had conveyed to the complainant by deed with warranty of title, and that there had been no actual eviction, because the complainant, not being in the actual possession, could not be sued.
As there is no allegation of fraud, or mistake, the chancellor had no jurisdiction, unless it had appeared that there could be no legal remedy on the covenant of warranty.
But the bill shows no such matter. If the adverse claimant be in the actual possession, an unsuccessful suit against him, would be a virtual eviction, which would show a breach of the warranty. And if he be not in the actual possession,there is no difficulty in seeing how the complainant might take possession, and either hold it, or bring about a legal eviction.
We are therefore of the opinion, that the allegations of the bill do not give jurisdiction in Equity.
Wherefore, the decree must be reversed, and the cause remanded, with instructions to dismiss the bill for want of jurisdiction.